IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Mario Lavon Waiters,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19cv831 (CMH/IDD) |
| | ) | |
| **Staci L. Richards, et al.,** | ) | |
| Defendants. | ) | |

ORDER

The Court has screened Mario Lavon Waiter's pro se complaint pursuant to 42 U.S.C. § 1983 [Dkt. No. 1] and application for permission to proceed in forma pauperis [Dkt. No. 2]. For the reasons set forth below, the Court will grant Waiters permission to proceed in forma pauperis and dismiss his complaint for failure to state any claim upon which relief may be granted. See 28 U.S.C. § 1915A.

This civil action arises out of the following events:

    As part of a state criminal investigation into credit card fraud and identity theft, officers of the Fairfax County Police Department obtained 14 separate arrest warrants for Waiters, issued by three different magistrates. Each of the warrants included the information required under Virginia law: the crime for which Waiters was being charged, date of offense, description of conduct, and that the issuing magistrate "found probable cause to believe that the Accused committed the offense charged, based on the sworn statements of" named investigating officers. See Va. Code Ann. §§ 19.2-71, 19.2-72 (West 2016).

    Waiters was arrested pursuant to the warrants. At the time of his arrest, Waiters was carrying a backpack; a search of the backpack incident to his arrest revealed a loaded Taurus revolver and a set of brass knuckles. Waiters was subsequently indicted [in federal court] for possession of a firearm by a convicted felon.

    Waiters moved to suppress the gun on the grounds that the arrest warrants were not supported by probable cause. Therefore, he argued, the gun was the fruit of an unlawful seizure. The district court denied the motion, finding the good faith

> exception provided by United States v. Leon, 468 U.S. 897 (1984), applied. At the conclusion of a bench trial, the district court found Waiters guilty.
>
> Based on a total offense level of 22 and a criminal history category of V, Waiters' advisory Guidelines range was 77 to 96 months' imprisonment. The court imposed a below-Guidelines sentence of 60 months. Waiters appeal[ed], challenging both the denial of his suppression motion and the reasonableness of his sentence.

United States v. Waiters, 760 F. App'x 156, 157-58 (4th Cir.), cert denied, 140 S. Ct. 89 (2019).

On direct appeal, the United States Court of Appeals for the Fourth Circuit affirmed Waiters' conviction and sentence, and the United States Supreme Court denied Waiters' petition for a writ of certiorari. See id. at passim. In particular, the Fourth Circuit rejected Waiters' arguments that his "arrest itself was unlawful" and "the arrest warrants were obtained without a proper showing of probable cause because there was no written affidavit or recording of the proceedings before the state magistrates who issued the warrants." Id. at 158.

Waiters now seeks to sue numerous state and local law enforcement officers and agencies for their roles in his arrest and prosecution. See [Dkt. No. 1]. Again, Waiters argues that his arrest was unlawful and that the arrest warrants were obtained without a proper showing of probable cause. See id. at 12. Waiters further argues that the decision of the Commonwealth Attorney to dismiss the state credit card fraud and identity theft charges that were the basis for his arrest after a federal grand jury later indicted him for being a felon in possession of a firearm gives rise to constitutional and statutory claims for violations of his civil rights. See id. at 13.

Even construing Waiters' complaint liberally because he is proceeding pro se, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007); Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009), he has not stated any claim upon which relief may be granted, because all of his claims are

2

barred by the principles set forth in Heck v. Humphrey, 512 U.S. 477 (1994). As the Supreme Court stated in Heck:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or a sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis added). Here, each of Waiters' claims necessarily implies the invalidity of his conviction and sentence. Here, the only "injury" that Waiters alleges is "the 'injury' of being convicted and imprisoned," which is not compensable unless and until his conviction and sentence are overturned in a manner specified in Heck. Id. And, here, Waiters has not alleged–let alone demonstrated–that his conviction or sentence has already been invalidated. Consequently, Waiters has stated no claim against the defendants for their roles in his arrest and prosecution that is, at present, cognizable under § 1983.

Waiters' complaint is thus subject to dismissal in its entirety pursuant to 28 U.S.C. § 1915A.[1]

---

[1] The Court has considered whether to afford Waiters, as a pro se litigant, an opportunity to file a more-carefully-drafted amended complaint before dismissal. Because Waiters' claims against the defendants for their roles in his arrest and prosecution will remain barred until his conviction and sentence are overturned in a manner set forth in Heck–and Waiters has given no indication he is pursuing such relief–the Court has concluded that directing him to amend his complaint would be futile and that dismissal is appropriate.

3

Because Waiters has adequately established that he cannot pay the entire filing fee for this civil action at present, his motion for permission to proceed in forma pauperis will be granted. However, as a prisoner, Waiters is statutorily "required to pay the full amount of a filing fee" in installments from his inmate account, 28 U.S.C. § 1915(b)(1), and he must promptly sign and return a consent form.

Accordingly, it is hereby

ORDERED that Waiters' complaint [Dkt. No. 1] be and is DISMISSED because it fails to state any federal claim upon which relief may be granted; and it is further

ORDERED that Waiters' motion for permission to proceed in forma pauperis [Dkt. No. 2] be and is GRANTED; and it is further

ORDERED that Waiters COMPLETE and RETURN the attached Consent to the Collection of Fees From Inmate Account form within fourteen (14) days of the entry date of this Order.

To appeal this decision, Waiters must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order Waiters wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.[2]

The Clerk is directed to send a copy of this Order to Waiters and close this civil action.

Entered this 16th day of Dec., 2019.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia

---

[2] As a prisoner, if Waiters files a notice of appeal, he will become obligated to pay the fees\ for that appeal ($505) in addition to the filing fee ($350) for this civil action. See 28 U.S.C. §§ 1913, 1914 & 1915(b)(1).

4